RECEIPT # 15972
AMOUNT $ 350.60
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. J. Jarries
DATE 10/3/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LIFE IS GOOD, INC.,                    )
        Plaintiff                      )
                                       )
v.                                     )        C.A. No.
                                       )
KGR KIDS, INC. d/b/a LIFE IS GAY,      ) **06 CA 11789 NG**
        Defendant                      )

COMPLAINT AND JURY DEMAND      MAGISTRATE JUDGE _Collings_

## INTRODUCTION

This is an action for trademark and trade dress infringement, misappropriation,
and related violations of the Lanham Act by Life is good, Inc. against KGR Kids, Inc.
d/b/a Life is Gay. Life is good, Inc. does not object to Defendant's noble promotion of
understanding and tolerance. However, in marketing its goods, Life is Gay has
slavishly copied Life is good, Inc.'s entire commercial image, including its marks, trade
dress, font, logos, designs, graphics, and even the precise look and feel of Life is good,
Inc.'s internet website. Because this clearly intentional misappropriation is likely to
cause consumer confusion, Life is Gay must be enjoined.

## PARTIES

1. Plaintiff Life is good, Inc. ("Life is good") is a Massachusetts corporation with a
principal place of business in Boston, Massachusetts.

2. Defendant KGR Kids, Inc. is, on information and belief, a New Jersey
corporation with a principal place of business in Little Ferry, New Jersey. KGR Kids,
Inc. does business as Life is Gay. On information and belief, Life is Gay conducts
business within the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §

1332 because the Plaintiff is a citizen of a different state than the Defendant, and the

property right at issue has a value in excess of $75,000.00. In addition, this Court has

jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) because this

matter involves violations of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as

substantial and related state law claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

A. The Plaintiff and its "Life is good" and "Jake" Trademarks.

5. Since at least as early as 1994, and continuously therefrom, the Plaintiff and

its predecessor (Albert Jacobs and John Jacobs doing business as Jacobs Gallery)

have sold various products such as t-shirts, hats, pants, other clothing, stickers, flying

discs, coffee mugs, *inter alia*, under the trademark "Life is good." The goods have been

sold to retail stores and consumers directly by Life is good, through its licensees, or

through its website. Life is good products currently are sold at approximately 5,000

retailers throughout the United States.

6. Since 1994, the Plaintiff has continuously and pervasively utilized its "Life is

good" trademark within this district and throughout the United States on its products, on

hang tags, displays, boxes, packaging and labels, at its website (www.lifeisgood.com),

and in catalogs and other places.

7. In short, the Plaintiff has invested substantial resources in promoting its

2

products under the "Life is good" mark, and in developing national recognition of its
"Life is good" mark and brand. As a result, the "Life is good" mark is perceived as a
distinctive indicator of Plaintiff as the source of its goods.

8. On December 24, 1996, the United States Patent and Trademark Office (the
"U.S.P.T.O.") issued a registration for Plaintiff's trademark "Life is good," registration
number 2,025,737 (the "'737 Registration" ). The registration was issued to Jacobs
Gallery. The goods under this registration are "Sportswear, namely t-shirts,
sweatshirts, shirts, hats, pants, and shorts." The trademark was assigned by Jacobs
Gallery to Life is good, Inc. on April 16, 1998. On April 6, 2002, the U.S.P.T.O accepted
Life is good's section 8 and 15 affidavit for the '737 registration, and thus, it has
become incontestable pursuant to 15 U.S.C. § 1065.

9. In addition, Life is good has registered the "Life is good" trademark for "printed
matter, namely posters, greeting cards, stationery, and bumper stickers" (Reg. No.
2,481,887), "recreational products, namely flying plastic discs" and "ceramic mugs"
(Reg. No. 2,692,561), for toys, clothing, bed blankets, towels, backpacks, luggage, and
animal leashes and collars (Reg. No. 2,826,245), and for "pet bowls for eating and
drinking" (No. 2,865,595). In addition, Life is good has applications pending before the
U.S.P.T.O. for "Life is good" for a variety of products and services including, without
limitation, jewelry, picture frames, beach chairs, thermoses, bags, socks, scarves,
mittens, magnets, tire covers, drinking bottles, mugs, nylon discs, dresses, bandanas,
signs, retail services, and furniture.

10. In addition, Plaintiff, through assignment from Jacobs Gallery, is the owner of

3

the "Jake Symbol,"  which Life is good utilizes as a trademark on or in connection with

nearly all of the products it sells.  An example of the "Jake Symbol" is attached hereto

as Exhibit A.

11. The "Jake Symbol" was registered on April 22, 1997, Reg. Number

2,055,452, and was assigned to Plaintiff on April 16, 1998.  The U.S.P.T.O. accepted

Life is good's section 8 and 15 affidavit for the "Jake Symbol" registration, and thus, it

has become incontestable pursuant to 15 U.S.C. § 1065.

12. The trademark "Life is good" appears on every product sold by Life is good,

and the "Jake Symbol" appears on most of Life is good's products.

13. Life is good typically displays its "Life is good" mark on or in connection with

its goods in a whimsical font.  An example of Life is good's use of this whimsical font is

attached hereto as Exhibit B.

14. Further, Life is good utilizes various logos, trade dress, designs and graphics

in connection with its products and its "Life is good" mark.  For instance, Life is good

sells t-shirts, hats, stickers and other products that depict a stylized version of the "Life

is good" mark contained within a circle.  This logo is called the "coin" logo.  Life is good

has utilized the "coin" logo since at least as early as 1999.  Similarly, Life is good sells t-

shirts, hats, stickers and other products that depict a stylized version of the "Life is

good" mark contained within an oval.  This logo is called the "oval" logo.  Life is good

has utilized the "oval" logo since at least as early as 1998.  Depictions of representative

products displaying the "coin" logo and the "oval" logo are attached hereto as Exhibits C

and D.

4

15. For many years Life is good has marketed its products and offered its products for sale at its internet website located at www.lifeisgood.com. Representative pages from Life is good's website are attached hereto as Exhibit E.

16. Life is good's corporate philosophy is based on the concept that through the sale of fun products, positive energy and contagious optimism may be spread. To further that concept, Life is good sponsors various charitable events such as the Life is good Pumpkin Festival, first held in 2003 and to be held in numerous locations throughout the United States in October of 2006, and the Life is good Watermelon Festival, first held in 2004 and to be held in numerous locations throughout the United States in the summer of 2007. One hundred percent (100%) of the proceeds from the festivals directly benefit charities that help children facing severely unfair challenges - for example, Camp Sunshine, a retreat for families of children with life threatening illnesses.

17. Through its significant promotion and sales of its products throughout the U.S., Life is good has developed a reputation as a company that offers quality products that celebrate simple pleasures and the power of optimism.

B. The Defendant and Its Business.

18. Defendant Life is Gay recently commenced sales of clothing and related products under the "Life is Gay" designation through its internet website, located at www.lifeisgayclothes.com. Representative pages from Life is Gay's website are attached hereto as Exhibit F. Like Life is good, Life is Gay sells men's and women's t-shirts, as well as baseball hats.

5

19. While Life is good does not object to defendant's promotion of understanding and tolerance, Life is good does object to Life is Gay's obvious copying of Life is good's marks, trade dress, designs, logos, graphics and overall commercial image.

20. In short, Life is Gay has intentionally misappropriated numerous aspects of Life is good's marks, trade dress, logos, images, graphics and overall commercial image, in an effort to trade off the enormous success that Life is good has enjoyed in the marketplace.

21. Examples of Life is Gay's copying include the following, without limitation:

a. Life is Gay depicts its "Life is Gay" designation using the same whimsical font that Life is good uses with its "Life is good" mark;

b. Life is Gay uses "coin" and "oval" logos that are virtually identical to Life is good's logos. Life is Gay uses the logos on the same products as Life is good;

c. Life is Gay's products, which are virtually the same products as Life is good's, are adorned with smiley face figures that are strikingly similar to Life is good's registered "Jake logo";

d. Life is Gay sells t-shirts depicting its smiley face figure cooking - as does Life is good with its "Jake" character. In fact, Life is Gay's figure is wearing the same chef's hat as Life is good's "Jake";

e. Life is Gay sells t-shirts depicting smiley face figures sitting on Adirondack chairs in virtually the same pose as Life is good's t-shirts depicting its "Jake" character sitting on an Adirondack chair;

6

f. Life is Gay sells t-shirts depicting a couple driving away in a sports utility vehicle with the slogan "Just Married," which are strikingly similar to Life is good's t-shirts showing the same graphic with the exact same slogan: "Just Married";

g. Life is Gay sells t-shirts depicting its smiley face figure lying on a massage table receiving a massage, which are strikingly similar to Life is good's t-shirts depicting its "Jake" character in the identical pose;

h. Life is Gay screen prints its smiley faces on the top back of its t-shirts a few inches below the collar, which is exactly where Life is good screen prints its brand identification "Jake" face on its t-shirts;

i. Life is Gay's gift certificate is virtually identical to Life is good's, containing the exact same wording, same font, and same design. Images of the two gift certificates are attached hereto as Exhibit G; and

j. Life is Gay's website displays the same look and feel as Life is good's website, employing a similar font and color scheme, as well as similar graphic illustrations of the products.

22. Thus, there can be no doubt that Life is Gay has set out to intentionally copy Life is good's marks, trade dress, logos, designs, graphics and overall commercial image in order to trade on the good will Life is good has developed during the past 13 years.

23. The Plaintiff had adopted and was utilizing in interstate commerce its "Life is good" and "Jake Symbol" marks, as well as its other marks, trade dress, logos, designs, graphics and overall commercial image, for many years before the Defendant adopted

7

its "Life is Gay" designation and began misappropriating Life is good's marks, trade dress, logos, designs, graphics and overall commercial image.

24. Upon information and belief, Defendant was well aware of Plaintiff's use of its marks, trade dress, logos, designs, graphics and overall commercial image, and of the good will and reputation embodied therein, well prior to its acts complained of herein.

25. The Defendant's actions have caused and are likely to cause confusion, mistake, or deception among the consuming public as to the source or origin of the parties' respective goods and services, and to create a false belief that Life is good and Life is Gay are affiliated. Life is good objects to such confusion as to affiliation because Life is good legitimately fears that such confusion will lead consumers to purchase Life is Gay's products believing that they are produced by or sponsored by Life is good, not because of any concern about being associated with Life is Gay's message.

26. The Defendant's actions are causing, and unless enjoined will continue to cause damage to the substantial good will that Life is good has developed in its marks and brand.

27. If the Defendant is not enjoined from misappropriating Life is good's marks, trade dress, logos, designs, graphics and overall commercial image, the Plaintiff will suffer immediate and irreparable harm.

8

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## 15 U.S.C. § 1114

28. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 of the complaint.

29. Plaintiff's marks "Life is good" and the "Jake Symbol" are protected by valid, subsisting, and incontestable United States Trademark Registrations.

30. Plaintiff developed, adopted and began using in commerce its federally-registered marks before the Defendant adopted and began using in commerce its confusingly similar designations.

31. Plaintiff has not authorized the Defendant to make the above-described uses of its confusingly similar designations.

32. Upon information and belief, the Defendant acted knowingly and intentionally in misappropriating the Plaintiff's marks, trade dress, logos, designs, graphics and overall commercial image, in an effort to trade off the good will developed by the Plaintiff.

33. Defendant's actions constitute infringement of the Plaintiff's federally-registered marks by using designations that are likely to cause confusion as to source, sponsorship, or affiliation.

34. Plaintiff will suffer irreparable harm unless the Defendant's unlawful conduct is enjoined.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

35. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 of the complaint.

36. By misappropriating Life is good's marks, trade dress, logos, designs, graphics and overall commercial image, Defendant has engaged in false designation of origin and false designation of sponsorship, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

37. Unless enjoined, these acts will cause irreparable injury and damage to the Plaintiff for which there exists no adequate remedy at law.

## COUNT III
## VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

38. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 of the complaint.

39. The Defendant's acts, as complained of herein, constitute unfair or deceptive trade acts or practices in violation of G.L. c. 93A, sec. 2 and 11.

40. The aforesaid unfair or deceptive acts or practices of the Defendant occurred primarily and substantially in the Commonwealth of Massachusetts.

41. The Defendant knowingly or willfully committed the aforesaid unfair acts or practices.

42. The aforesaid unfair acts or practices have caused the Plaintiff a loss of money and/or property, including but not limited to lost profits, attorneys' fees and other damages.

10

## COUNT IV
## UNFAIR COMPETITION UNDER THE COMMON LAW

43. The Plaintiff repeats and realleges the allegations contain in paragraphs 1 through 42 of the complaint.

44. Plaintiff's marks, trade dress, logos, designs, graphics and overall commercial image are well-known throughout the United States.

45. The Defendants' misappropriation of Life is good's marks, trade dress, logos, designs, graphics and overall commercial image constitutes unfair competition in violation of the Lanham Act and the common law, as well as common law trademark and trade dress infringement.

46. Unless enjoined, these acts will cause irreparable injury and damage to the Plaintiff for which there exists no adequate remedy at law.

WHEREFORE, plaintiff Life is good, Inc. prays that this Court:

1. Enter judgment in favor of the Plaintiff on all counts of the complaint;

2. Award the Plaintiff monetary damages plus statutory interest;

3. Award the Plaintiff multiple damages, attorneys' fees and costs;

4. Enter a preliminary injunction enjoining and restraining the Defendant, its directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendant who receive actual notice of this Court's orders by personal service or otherwise, from using any mark confusingly similar to "Life is good" and/or the "Jake Symbol," and from misappropriating Life is good's marks, trade dress,

11

logos, designs, graphics and/or overall commercial image in connection with the sale, promotion and advertisement of Defendant's products;

5. Enter a permanent injunction enjoining and restraining the Defendant, its directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendant who receive actual notice of this Court's orders by personal service or otherwise, from using any mark confusingly similar to "Life is good" and/or the "Jake Symbol," and from misappropriating Life is good's marks, trade dress, logos, designs, graphics and/or overall commercial image in connection with the sale, promotion and advertisement of Defendant's products; and

6. Award such further relief as the Court deems just and appropriate.


## Jury Demand

The Plaintiff demands a trial by jury on all counts so triable.

LIFE IS GOOD, INC. ,
By its attorneys,

Robert R. Pierce (#549172)
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

12